UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND JACOBS,

                Petitioner,

- against -

NEW YORK STATE DEP'T OF PAROLE, et al.,

                Respondents.

REPORT AND RECOMMENDATION

02 Civ. 8840 (RCC) (RLE)

**To the HONORABLE RICHARD CONWAY CASEY, U.S.D.J.:**

## I. INTRODUCTION

*Pro se* petitioner Raymond Jacobs ("Jacobs") seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in New York State Supreme Court, New York County. Jacobs was convicted of three counts of repeated failure to file personal income tax returns and two counts of failure to file personal income tax returns. He was sentenced to an aggregate term of one to three years' imprisonment and ordered to make restitution of $39,294.47.

Jacobs asserts five claims: (1) actual innocence; (2) procedural bars to prosecution; (3) ineffective assistance of counsel; (4) judicial misconduct; and (5) prosecutorial misconduct. Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Pet.") at 4. Respondents argue that the petition should be denied because the claims are unexhausted or procedurally barred, and without merit. *See* Respondents' Memorandum of Law and appendices in opposition to the instant petition ("Resp. Opp.") at 12. For the reasons set forth below, I recommend that Jacobs's petition be **DENIED**.

## II. BACKGROUND

Jacobs worked as a computer programmer and systems analyst for New York City's

Human Resources Administration from 1991 to 1995.  *See* Resp. Opp. at 2.  During that five-year period, the City paid Jacobs a total of nearly $240,000.  **Id**.  He received additional income from work he did for his union in 1992.  **Id**.  From 1991-1995, Jacobs did not file any personal income tax returns in either the City or the State of New York.  **Id**.

Jacobs was arrested on January 14, 1997, for failing to file personal income tax returns in either the City or the State of New York for the years 1993, 1994, and 1995.  **Id**. Two weeks later, he filed an amnesty application with the State Tax Department which included income tax returns for the years 1993 and 1994.  **Id**.  On July 2, 1997, a New York County grand jury indicted Jacobs for repeated failure to file personal income tax returns for the years 1991 through 1995.  **Id**.  On March 2, 1998, a jury found Jacobs guilty on all counts.  **Id**.  On July 20, the court sentenced Jacobs to make restitution and to serve an aggregate prison term of one to three years.  *See* Sentencing Transcripts at 36-37.

Jacobs filed an appeal on January 31, 2000, raising the following claims: (1) he was denied a fair trial and his right to present a defense by the court's refusal to permit the defense to call a witness to testify that, prior to and during the alleged crime, he and Jacobs had expressed the view that they were not legally obligated to file a tax return; and (2) his sentence of one to three years' imprisonment was excessive.  *See* Declaration in Opposition to Petition for a Writ of Habeas Corpus ("Opp. Decl."), Jennifer K. Danburg, April 29, 2003, Exh. A.  On December 5, 2000, the Appellate Division, First Department, unanimously affirmed Jacobs's conviction.  **People v. Jacobs**, 716 N.Y.S.2d 664 (App. Div. 1st Dep't 2000).  In a letter dated December 22, Jacobs sought leave to appeal to the Court of Appeals.  *See* Opp. Decl., Exh. D.  The application was denied on February 5, 2001.  *See* **id**., Exh. F.

Proceeding *pro se*, Jacobs filed a motion pursuant to New York Criminal Procedure Law Rule ("C.P.L.") § 440.10 on April 2, 2001. *See* Opp. Decl., Exh. G. The motion included the following claims: the trial judge violated Jacobs's presumption of innocence by offering him a plea agreement; the state forced tobacco smoke on Jacobs and others, making the state guilty of mass and serial murder; the state violated his freedom of religion by committing mass and serial murder through their tobacco dealings in violation of Commandment Six of the Ten Commandments; all federal judges and New York State judges are morally inferior beings; ineffective counsel; paying taxes in anything but silver or gold would be unlawful; and the state engaged in antitrust behavior by not allowing audio or video taping in the trial courtroom. **Id**. On April 24 the court denied the motion on the basis that Jacobs failed to raise any comprehensible claim under § 440 upon which relief could be granted. Opp. Decl., Exh. I.

Jacobs then filed a second § 440 motion on January 30. *See* Opp. Decl., Exh. J. The motion included the following claims: the trial judge is a state and federal tax criminal as well as a grand larcener; the Attorney General was aware that the trial judge was a state and federal tax criminal as well as a grand larcener, and thus entered into a RICO conspiracy with the judge to steal federal taxes; Jacobs's double jeopardy rights were violated; and ineffective counsel. The court denied the motion, stating that all but one of Jacobs's issues should have been raised on appeal and that Jacobs failed to submit facts sufficient to warrant a hearing on his ineffective counsel claim. *See* Opp. Decl., Exh. M. The court found that, "to the extent [Jacobs] raises any . . . comprehensible issues, all but one should have been raised on his direct appeal." **Id**. The court found that Jacobs did not submit sufficient facts to warrant a hearing regarding his ineffective counsel claim. *See* **id**.

Jacobs appealed the denial of his second § 440 motion to the Appellate Division, First Department, asking for a "dismissal of all charges, or, in the alternative, a new trial." Opp. Decl., Exh. N. The Appellate Division denied Jacobs's motion on August 8, 2002. *See* **People v. Jacobs**, 2002 N.Y. App. Div. LEXIS 7893 (1st Dep't Aug. 8, 2002). On October 8, the Court of Appeals dismissed Jacobs's motion for leave to appeal the Appellate Division's order. *See* **People v. Jacobs**, 752 N.Y.S.2d 9 (2002).

### III. ANALYSIS

**A.  Timeliness**

A petitioner must file an application for a writ of habeas corpus within one year of his conviction becoming final. A conviction becomes final when the time to seek direct review in the United States Supreme Court by writ of certiorari expires, that is, ninety days after the final determination by the state court. **Williams v. Artuz**, 237 F.3d 147, 151 (2d Cir. 2001). Because the Court of Appeals denied his leave to appeal on February 5, 2001, Jacobs's conviction was final on May 6, 2001. Jacobs's first § 440 motion, filed on April 2, 2001, and denied on April 24, tolled the limitation period 22 days. 28 U.S.C. § 2244(d)(2). The statute of limitations was tolled for another 251 days from the time Jacobs filed his second § 440 motion to when the Court of Appeals denied his leave to appeal the Appellate Division's decision. **Id**. *See* **Rodriguez v. Portunodo**, 2003 WL 22966293, at *1-2 (S.D.N.Y. Dec. 15, 2003); *see also* **Carey v. Saffold**, 536 U.S. 214, 216 (2002); **Bennett v. Artuz**, 199 F.3d 116, 119 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000). Thus, Jacobs's habeas corpus application, signed on November 6, 2002, was filed within the one-year limitation period.

B.     Exhaustion

Generally, a federal court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. *See* 28 U.S.C. § 2254(b)(1)(A). The exhaustion doctrine requires a petitioner challenging a state conviction on federal grounds to have presented his or her claims to the state courts first. *See* **Daye v. Attorney Gen. of New York**, 696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), *cert. denied*, 464 U.S. 1048 (1984). In **Daye**, the court indicated four ways in which a petitioner may "fairly present" federal constitutional claims to the state courts: "(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." **Id**. at 194.

Jacobs raised the same grounds for relief in his § 440 motions as he does in the instant petition.[1] C.P.L. § 460.15 authorized Jacobs to file for leave to appeal the denial of his motion to the Appellate Division. Jacobs did not pursue the state's discretionary review procedure, thereby failing to exhaust his claims of actual innocence, procedural bars to prosecution, judicial misconduct, and prosecutorial misconduct. *See* **O'Sullivan v. Boerckel**, 526 U.S. 838, 840 (1998). Although these claims are unexhausted, the Court has discretion to deny the petition on the merits. *See* 28 U.S.C. § 2254(b)(2). Because Jacobs received a decision on the merits on his

---

[1] Jacobs has failed to provide factual support for the claims in this petition. The Court therefore relies on the facts provided in respondents' opposition. *See* **Williams v. Kullman**, 722 F.2d 1048, 1051-52 (2d Cir. 1983) ("[T]he district judge may . . . order the petition[er] or the State to expand the record."). The opposition, in turn, culls the facts from Jacobs's previous filings, including his two § 440 motions. *See* Resp. Opp. at 12.

5

ineffective counsel claim in his second § 440 motion, and was denied leave to appeal by both the Appellate Division and the Court of Appeals, that claim is exhausted.

**C.      Review on the Merits**

    **1.      Standard of Review**

Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a writ of habeas corpus will be granted by a federal court if one of two conditions is satisfied: "the state court adjudication (1) resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States." **Williams v. Taylor**, 529 U.S. 362, 412 (2000); *see* 28 U.S.C. § 2254(d)(1). A state court decision is contrary to federal law if the state court applies "a conclusion opposite to that reached by [the] Supreme Court on a question of law" or if it "decides a case differently than [the] Supreme Court has on a set of materially indistinguishable facts." **Id**. at 413. Furthermore, a state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." **Id**. Finally, "clearly established federal law" refers only to Supreme Court "holdings, as opposed to the dicta, of its decisions as of the time of the relevant state-court decision." **Id**. at 412.

    **2.      Merits of the Ineffective Counsel Claim**

In order to establish an ineffective assistance of counsel claim, a defendant must show: (1) "that counsel's performance was [so] deficient" as to fall below "an objective standard of reasonableness;" and (2) "that counsel's errors were so serious as to deprive the defendant of a

fair trial." **Strickland v. Washington**, 466 U.S. 668, 687-88 (1984). Jacobs claims that his trial counsel was ineffective for going "off the record without knowledge or permission of his client." *See* Opp. Decl., Exh. J. The Court will construe this claim to be a claim that Jacobs was effectively not present during such portion of the proceedings. The due process clause of the Constitution demands defendants' presence during criminal proceedings when their absence would have a substantial effect on their ability to defend. *See* **Monroe v. Kuhlman**, 433 F.3d 236, 246 (2d Cir. 2006). Jacobs neither explains when counsel went off record nor describes the nature of matters discussed off record. Given the lack of detail provided, the Court finds that Jacobs has failed to show substantial effect on his ability to defend.

For the duration of Jacobs's representation, his counsel made appropriate motions and objections, gave sound opening and closing statements, and cross-examined witnesses consistent with the defense's theory of the case. The performance of Jacobs's counsel did not fall below an objective standard of reasonableness and did not deprive him of a fair trial. The Appellate Division's decision on this matter was not an unreasonable application of federal law.

### 3. Merits of the Procedural Bars to Prosecution Claim

Jacobs's habeas petition does not clearly set forth which facts support his procedural bars to prosecution claim. Respondents surmise that Jacobs based this claim on double jeopardy claims raised in both of his § 440 motions. *See* Resp. Opp. at 16. Jacobs's § 440 motions state that his conviction under New York State Tax Laws §§ 1801(a) and 1802(a) violated double jeopardy protections because the state could not make the repeated failure to file his income taxes a separate crime from the simple failure to file income taxes. *See* Opp. Decl., Exhs. G, J.

When the legislature intends to impose multiple punishments for a single act, a court's

7

"task of statutory construction is at an end," and no constitutional double jeopardy claim is implicated. **Missouri v. Hunter**, 459 U.S. 359, 368-69 (1983). The state legislature intended to create an increased sanction based on the repetitive nature of Jacobs's actions. Moreover, the state courts have found that convictions under section 1802 are "not to be viewed as either a new jeopardy or additional penalty for the earlier [nonfilings]. It is a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *See* **People v. Weinberg**, 83 N.Y.2d 262, 266-67 (1994) (*quoting* **Gryger v. Burke**, 334 U.S. 728, 732 (1948)).

Jacobs asserts that a double jeopardy violation existed because he had been previously "convicted" by the Human Resources Administration Office of Personnel Administration. *See* Opp. Decl., Exh. L. As respondents point out, the so-called "conviction" was merely Jacobs's dismissal from employment based on his conduct, and not a state criminal action for which jeopardy attached. *See* Resp. Opp. at 18. The Court finds Jacobs's procedural bars to prosecution claim meritless.

### 4. Merits of the Actual Innocence Claim

Respondents assume that Jacobs's actual innocence claim is based on the assertion in his first § 440 motion that, because only gold and silver are lawful money, he could not owe state income taxes on paper money. After thoroughly reviewing the record, the Court finds no other possible basis for an actual innocence claim, and finds that the claim clearly lacks merit.

### 5. Merits of the Judicial and Prosecutorial Misconduct Claims

Jacobs claimed in his second § 440 motion that the state trial court judge is a "state and federal tax criminal" and a "grand larcener." *See* Opp. Decl., Exh. J. He also asserted that the

prosecutors handling his trial and appeal were conspiring with the judge. *See* id. The sentencing transcripts reflect that, during sentencing, Jacobs gave the prosecution a cashier's check for $39,294.47, his estimated tax liability for the years in question. *See* Sentencing Transcripts at 3. The representative from the tax department to whom the check was turned over, brought to the court's attention the following notation made on the back of the check: "Payment in full for all debts direct or indirect civil or criminal, for Raymond Jacobs to the State of New York to date." **Id**. at 11. Stating that the notation was "totally inappropriate," the court told the prosecution to return the check to Jacobs. *See* id. The court then sentenced Jacobs and ordered him to pay restitution in the amount of $39,294.47. *See* id. at 36-37.

To prevail on a claim of judicial misconduct, Jacobs must show that the state trial judge's conduct was fundamentally unfair so as to deprive him of his constitutional right to due process. *See* **Gayle v. Scully**, 779 F.2d 802, 806 (2d Cir. 1985). Further, the standard of review for claims of prosecutorial misconduct in a federal habeas corpus proceeding is whether the prosecutor engaged in "egregious misconduct . . . amount[ing] to a denial of constitutional due process." **Blissett v. LeFevre**, 924 F.2d 434, 440 (2d Cir. 1991) (*quoting* **Floyd v. Meachum**, 907 F.2d 347, 353 (2d Cir. 1990)). The trial judge's conduct at sentencing was not fundamentally unfair. The court reasonably refused to accept Jacobs's unsuitable check. The Court finds that Jacobs has not set forth sufficient facts to show that either the trial judge or the prosecution deprived him of due process. Jacobs's judicial and prosecutorial misconduct claims are meritless.

**D.     Procedural Bars**

A petitioner may be precluded from pursuing his claims on the merits because he has

9

procedurally defaulted.  *See* **Coleman v. Thompson**, 501 U.S. 722, 750 (1991); **Jones v. Vacco**, 126 F.3d 408, 414 (2d Cir. 1997) (*citing* **Ellman v. Davis**, 42 F.3d 144, 147 (2d Cir. 1994)). This preclusion from federal habeas review results when: (1) the state court declines to address petitioner's federal claim because petitioner failed to meet a state procedural requirement, and (2) the state court decision rested on an independent and adequate state ground.  *See* **Coleman**, 501 U.S. at 729-30.

In denying Jacobs's first § 440 motion, the state court found that he "failed to raise any comprehensible claim under CPL article 440 upon which relief may be granted."  Opp. Decl., Exh. I.  In its denial of the second § 440 motion, the court cited C.P.L. § 440.10(2)(c), noting, "[t]o the extent that [Jacobs] raises any . . . comprehensible issues, all but one should have been raised on his direct appeal."  **Id**.  Thus, Jacobs procedurally defaulted on his claims of actual innocence, procedural bars to prosecution, judicial misconduct, and prosecutorial misconduct.

The federal district courts cannot hear procedurally barred claims unless petitioner "can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  **Coleman**, 501 U.S. at 750.  The Supreme Court has defined "cause" as a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim in the state court."  **McCleskey v. Zant**, 499 U.S. 467, 493 (1991) (*citing* **Murray v. Carrier**, 477 U.S. 478, 488 (1986)).  The "fundamental miscarriage of justice" exception is available to a petitioner only if he can establish factual innocence.  **Dixon v. Miller**, 293 F.3d 74, 81 (2d Cir. 2002).  A petitioner can establish actual innocence by demonstrating that "it is more likely than not that no reasonable juror would have convicted him" in light of all the evidence.  **Bousley v. United States**, 523 U.S. 614, 623 (1998)

10

(*quoting* <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)).

As the analysis above demonstrated, Jacobs cannot show prejudice because his claims have no merit. Moreover, Jacobs has not demonstrated cause for his procedural default. He cannot, therefore, overcome the procedural bar.

## CONCLUSION

For the foregoing reasons, I recommend that Jacobs's petition for habeas corpus be **DENIED**. Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard Conway Casey, 500 Pearl Street, Room 1350, and to the chambers of the undersigned, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See* <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985); <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(e).

**DATED: May 1, 2006**
**New York, New York**

**Respectfully Submitted,**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Reeommendation were sent to:**

Petitioner, *pro se*
Raymond Jacobs
212 Greenview Drive
Dover, DE 19901

Counsel for Respondent
Darian B. Taylor
State of New York
Office of Attorney General
Federal Habeas Corpus Section
120 Broadway
New York, NY 10271